Date signed March 23, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| In Re: | Case No. 09-10933PM |
|---|---|
|  | Chapter 11 |
| Esther L. Bagley, |  |
| Debtor. |  |

### MEMORANDUM OF DECISION

    Before the court is the "Application for Authority to Employ Sallye A. Higgin as Attorney for Debtor." The above-referenced bankruptcy case was filed on January 20, 2009, under Chapter 13. The Voluntary Petition was signed by Sallye A. Higgin ("Ms. Higgin") as attorney. Ms. Higgin declared therein that she "[i]nformed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code" and that she "explained the relief available under each such chapter[.]" The Voluntary Petition further estimated the Debtor's liabilities to total between $500,001.00 to $1,000,000.00. On February 18, 2009, and before the time Schedules were filed, the Debtor moved to convert the bankruptcy case to a case under Chapter 11. An order of conversion was entered on February 23, 2009. On March 10, 2009, the Debtor filed Schedules that reflected secured claims totaling $2,230,483.00 – secured debt exceeding the limitations for such claims of $1,010,650.00 set by 11 U.S.C. § 109(e) for a Chapter 13 debtor as well as that estimated on the Voluntary Petition by more than $1,000,000.00.

    The Debtor, also with the assistance of Ms. Higgin, filed a previous case under Chapter 13 on October 13, 2008. The Voluntary Petition in that case similarly estimated the Debtor's liabilities to total between $500,001.00 to $1,000,000.00. Despite having two extensions, the Debtor failed to file Schedules in that case. She ultimately sought dismissal, relief being afforded by this court by Order entered December 2, 2008. Prior to the Debtor's motion to dismiss the case, claims had been filed by creditors holding secured claims in an amount aggregating $2,232,955.82. In

short, Ms. Higgin filed a case under Chapter 13 for a debtor whom she knew or in the exercise of the slightest diligence should have known was ineligible to file the case.

Had Ms. Higgin made reasonable inquiry into the assets and liabilities of the Debtor before filing the cases, this Debtor would have filed under Chapter 11 in the first instance.  Having concerns about Ms. Higgins' unfamiliarity with handling larger reorganization cases coupled with her apparent inadvertence by the filing of two petitions under Chapter 13 for an ineligible debtor, this court cannot endorse the employment sought.

An appropriate order will be entered.

cc:     Debtor
        Debtor's Counsel
        United States Trustee

**End of Memorandum of Decision**